Justine BUTTS, et al., Plaintiffs,

v.

GUARDIAN INDUSTRIES CORP, et al., Defendants.

No. 1:97 CV 914.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 25, 1997.

Dennis E. Murray, Jr., William Patrick Murray, William H. Bartle, Patrick G. Warner, Murray & Murray, Sandusky, OH, for Plaintiffs.

Barbara J. Leukart, Robert S. Gilmore, Brian A. Troyer, Jones, Day, Reavis & Pogue, Cleveland, OH, for Defendants.

### MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Remand this case to

state court. (Document # 6) For the reasons discussed below, Plaintiff's Motion is GRANTED.

### Procedural and Factual History

Plaintiffs, Justine Butts and Joanne Kilbane–Bokar, filed a Complaint in the Court of Common Pleas for Cuyahoga County on January 3, 1997, against their employer Guardian Industries Corp. ("Guardian"), Keith Hoover ("Hoover"), a director and manager of Guardian, and Mike Shuppe ("Shuppe"), a District Manager for Guardian alleging claims for (1) violation of Ohio Rev. Code § 4112 for discrimination with regard to terms, conditions, privileges of employment or any matter related to employment on the basis of a person's sex; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) violation of common law prohibitions against sexual discrimination. Plaintiffs filed a First Amended Complaint on March 28, 1997, which added five additional claims against Defendants: (5) violation of R.C. § 4112.02(A) Equal Pay for Equal Work; (6) tortious retaliation for refusal to perform an illegal act that would violate public policy; (7) tortious retaliation for exercise of legally protected rights; (8) defamation; and (9) breach of contract.

Defendants removed the action to this Court on April 14, 1997, asserting that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1441(b) and the "artful pleading" doctrine. Defendants contend that Counts 5–7 of Plaintiffs' First Amended Complaint state claims under the federal statutes that they reference and thus, Plaintiffs' have invoked federal question jurisdiction. Specifically, in Count five, Plaintiffs assert a claim for equal pay for equal work under Chapter 4112 of the Ohio Revised Code ("4112") and Ohio common law. Count five further states: "Ohio common law, like the explicit Federal Statute (The Equal Pay Act) imposes an obligation on employers to provide equal pay for men and women who perform equal work." Defendants assert that Ohio common law does not impose an obligation or recognize a cause of action for "equal pay for equal work". Further, since Plaintiffs have already asserted a claim under § 4112 in Count One, Defendants contend that a second claim under § 4112 would

state no separate or independent claim for relief. Thus, Defendants conclude that to the extent that Count Five states a claim at all, it is a claim arising under the federal Equal Pay Act, and is thus removable.

In Count Six, Plaintiffs assert a claim entitled Tortious Retaliation for Refusal to Perform an Illegal Act stating that Defendants retaliated against Plaintiffs when Plaintiffs refused to perform acts "in clear violation of public policy as manifested by anti-trust statutes". Defendants assert that Count Six raises federal questions because federal law is the primary source of antitrust regulation and policy.

In Count Seven, entitled "Tortious Retaliation for Exercise of Legally Protected Rights," Plaintiffs aver that "Ohio common law, like Title VII (42 U.S.C.A. § 2000e et seq.) and the Equal Pay Act (29 U.S.C.A. § 215(a)(3)), prohibits retaliation by an employer against an employee because the employee engaged in protected activity." Defendants assert that there is no cause of action under Ohio common law for tortious retaliation; it exists only under the federal statutes that Plaintiffs referenced in Count Seven. Accordingly, Defendants contend that Count Seven can only state a claim under federal law.

Plaintiffs filed a Motion to Remand on June 2, 1997, stating that all of Plaintiffs' claims state causes of action under Ohio law and that the most Defendants have to offer in support of removing the case is that Plaintiffs' allegations may also state a claim under federal law. Plaintiffs contend that the mere reference to federal statutes does not confer federal question jurisdiction nor does the fact that claims may state causes of action under both state and federal law.

Defendants filed a Memorandum in Opposition to Plaintiffs' Motion to Remand and Plaintiffs filed a Reply Memorandum in Support. A status conference with counsel for all parties was held on June 23, 1997, to discuss the merits of Plaintiffs' Motion to Remand. Plaintiffs filed a Motion for leave to file a Second Amended Complaint Instanter on June 27, 1997, which was granted by the Court on July 7, 1997. The Second Amended Complaint eliminates all reference

to federal statutes in Counts Five, Six and Seven.

## Discussion

Defendants claim that this Court has jurisdiction pursuant to 28 § 1441(b) which states in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

However, if it appears at anytime that the district court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).[1] In order for a claim to fall within the federal question jurisdiction of the court, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action. *Franchise Tax Board v. Laborers Vac. Trust*, 463 U.S. 1, 10–11, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420, 431 (1983) (citations omitted). Moreover, it has long been recognized that "the plaintiff is master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940 (6th Cir.1994).

■ In this case it is clear that Plaintiffs' First Amended Complaint does not raise federal questions, but rather, attempts to assert solely state law claims. Specifically, Count Five purports to assert a claim for discriminatory wage payment practices under § 4112. While Plaintiffs coin the phrase "equal pay for equal work" which is typically used in federal cases under the Equal Pay Act, and indeed cite the federal Act, these references do not convert a state claim to a federal claim. While this claim may by subsumed under Plaintiffs' general cause of action in Count One for Defendants' alleged violation of Chapter 4112, the fact that Plaintiffs specify Defendants' alleged wage discrimination in Count Five serves to clarify their claims against Defendants. Moreover,

as Plaintiffs note, Ohio courts frequently reference federal decisions under the Equal Pay Act and Title VII in interpreting and applying Chapter 4112. *See Ohio Civil Rights Comm'n v. Ingram*, 69 Ohio St.3d 89, 92, 630 N.E.2d 669 (1994); *Plumbers & Steamfitters Comm. v. Ohio Civil Rights Comm.*, 66 Ohio St.2d 192, 196, 421 N.E.2d 128 (1981); *Stone v. Greater Cleveland Regional Transit Authority*, 92 Ohio App.3d 373, 384, 635 N.E.2d 1281 (Cuyahoga Co.1993); *Hollowell v. Society Bank & Trust*, 78 Ohio App.3d 574, 582, 605 N.E.2d 954 (Lucas Co.1992).

■ Similarly, Count Six is not necessarily federal. In Count Six, Plaintiffs assert a claim for retaliation against Plaintiffs for refusing to engage in acts which were in violation of public policy. Defendants contend that Count Six raises obvious questions of federal antitrust law and remedies. Count Six states in part: "When Plaintiffs refused to engage in this act of interference with the free market—an act in clear violation of public policy as manifested by anti-trust statutes—the Defendants retaliated against Plaintiffs . . . ." The First Amended Complaint does not specify whether it refers to federal antitrust acts or the Ohio statute. While Count Six is vague and may not state a claim under either Ohio or federal law, it does not on its face assert a federal question.

■ Finally, Defendants contend that Count Seven asserts a claim for retaliation arising, if at all, under the Equal Pay Act and Title VII, veiled behind a reference to Ohio common law. Count Seven states in part: "Ohio common law, like Title VII (42 U.S.C.A. § 2000e et seq.) and the Equal Pay Act (29 U.S.C.A. § 215(a)(3)), prohibits retaliation by an employer against an employee because the employee engaged in protected activity." Defendants assert, without support, that Ohio law does not recognize such a claim for retaliation. Plaintiffs have cited cases, however, decided under Ohio law, where a retaliatory act by an employer provided a cause of action. *See Borowski v. State Chemical Manufacturing Co.*, 97 Ohio App.3d 635, 647 N.E.2d 230 (Cuyahoga

---

1. Since Plaintiffs' Motion to Remand asserts that the Court lacks subject matter jurisdiction over this action, the motion is timely even though it was filed beyond the 30 day deadline set forth in 28 U.S.C. § 1447(c).

Co.1994); *Chandler v. Empire Chemical Inc.*, 99 Ohio App.3d 396, 650 N.E.2d 950 (Summit Co.1994). As was the case with respect to Count Five, Plaintiffs do not rely on the federal statutes referenced in Count Seven to state a claim. Mere reference to federal statutes does not create federal question jurisdiction. Accordingly, the Court finds that there are no federal questions presented in the First Amended Complaint.[2]

Plaintiffs seek attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) which provides that a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal," if the court remands the case to state court. Defendants removed this action in good faith upon grounds which were not frivolous. Accordingly, Plaintiffs' costs and attorneys fees will not be awarded.

IT IS SO ORDERED.

*JUDGMENT ENTRY AND
ORDER OF REMAND*

Pursuant to the Memorandum of Opinion and Order of this Court, Plaintiffs' Motion to Remand (Document # 6) is GRANTED and this case will be REMANDED to the Court of Common Pleas for Cuyahoga County. Costs, specifically excluding attorneys fees, to Defendants. A certified copy of this Order of Remand shall be mailed by the clerk to the clerk of the State court.

IT IS SO ORDERED.

---

**2.** Plaintiffs' Second Amended Complaint removed all references to federal statutes and added § 4112 as additional support for Count Six. It clearly reflects Plaintiffs' intention of pursuing only state law claims.