HOLLOWELL, Appellant,

v.

SOCIETY BANK & TRUST, f.k.a. Trustcorp Bank, Ohio, et al., Appellees.

[Cite as *Hollowell v. Society Bank & Trust* (1992), 78 Ohio App.3d 574.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–131.

Decided Feb. 28, 1992.

*George R. Smith, Jr.,* for appellant.

*William M. Connelly, Kevin Joyce* and *Thomas Mackin,* for appellees.

---

*Per Curiam.*

This is an appeal from a summary judgment entered by the Lucas County Court of Common Pleas in favor of appellees on their motions for summary judgment and against appellant on his motion for partial summary judgment.

Appellant sets forth two assignments of error:

"I. The trial court erred in granting summary judgment to defendants on plaintiff's state and federal employment discrimination claims and his Equal Pay Act claim in that it improperly decided issues of material fact, improperly weighed conflicting inferences, improperly applied the standards relevant to determination of pretext and erroneously subjected plaintiff to a higher standard of proof than is required by law.

"II. The trial court erred in denying plaintiff's cross-motion for partial summary judgment in that plaintiff had presented sufficient competent evidence under Rule 56(C) in support of his claim and defendants utterly failed to produce any competent evidence sufficient to establish a genuine dispute of material fact."

Upon full consideration of the entire record in this case and the law, this court finds the well-reasoned opinion and judgment entry of Judge Richard W. Knepper to be dispositive of the major issues in this case. For this reason, that judgment is hereby affirmed and adopted as our own (see Appendix), with the following exception. The trial court found that:

"Although Hollowell continues to claim he was better qualified for the position than the other two applicants, he acknowledges in his deposition his weaknesses which were the enunciated bases of Trustcorp's decision not to promote him."

We find this statement to be inconsistent with the evidence; however, we also find the trial court's decision to be dispositive without it. Accordingly, appellant's two assignments of error are not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. This court finds further that there was reasonable grounds for this appeal, and costs only are assessed against appellant.

*Judgment affirmed.*

HANDWORK, P.J., ABOOD and SHERCK, JJ., concur.

APPENDIX

RICHARD W. KNEPPER, Judge.

This cause is before the court upon a motion for summary judgment filed by the defendants, Society Bank & Trust, f.k.a. Trustcorp Bank, Ohio ("Trustcorp"), Society Corporation ("Society"), Kenneth Hackworth, and Lee Allen, and on plaintiff Leon R. Hollowell's cross-motion for partial summary judgment. Upon careful consideration of the law, pleadings, parties' memoranda, depositions, and affidavits, the court finds that defendants' motion for summary judgment should be granted and plaintiff's cross-motion for summary judgment denied.

## I. FACTS

The following facts are significant to this motion. Leon Hollowell was employed with Trustcorp from December 22, 1986 to October 20, 1989. During his tenure there, Hollowell was one of three applicants for two newly created systems manager positions, but he was not selected.

On December 3, 1988, Hollowell filed a charge of race discrimination with the Ohio Civil Rights Commission ("OCRC"). Then, on January 24, 1990, Hollowell filed a complaint in this court against Trustcorp, Society, Hackworth and Allen, alleging race and wage discrimination in violation of Section 1981, Title 42, U.S.Code ("Section 1981"), R.C. Chapter 4112, and R.C. 4111.17.[1] After numerous depositions, defendants moved this court for summary judgment on November 16, 1990. On December 7, 1990, plaintiff responded and filed his own cross-motion for partial summary judgment. These matters are now before the court.

## II. MOTION FOR SUMMARY JUDGMENT STANDARD

The general rules governing motions for summary judgment filed pursuant to Civ.R. 56 are well established. In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Supreme Court of Ohio stated the requirements that must be met before a motion for summary judgment can be granted:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is

---

1. The OCRC proceedings have been stayed pending resolution of the present action.

made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." See, also, *Johnson v. New London* (1988), 36 Ohio St.3d 60, 61, 521 N.E.2d 793, 794.

The Sixth District Court of Appeals has consistently held that motions for summary judgment should be granted with caution in order to protect the non-moving party's right to trial. As stated by the court in *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 14–15, 13 OBR 8, 16, 467 N.E.2d 1378, 1386:

"We recognize that summary judgment, pursuant to Civ.R. 56, is a salutary procedure in the administration of justice. It is also, however, a procedure which should be used cautiously and with the utmost care so that a litigant's right to a trial, wherein the evidentiary portion of the litigant's case is presented and developed, is not usurped in the presence of conflicting facts and inferences. * * * It is settled law that '[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, * * *' which party in the instant case is appellant. * * * It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." (Citations omitted.) See, also, *Bowlds v. Smith* (1961), 114 Ohio App. 21, 29, 18 O.O.2d 305, 309–310, 180 N.E.2d 184, 189.

### III. LAW AND APPLICATION

Plaintiff claims that the denial of his promotion by Trustcorp constitutes race discrimination in violation of Section 1981 and R.C. Chapter 4112. Further, plaintiff avers that Trustcorp has been guilty of wage discrimination, a violation of R.C. 4111.17.

Defendants contend that Hollowell was not selected for the position of systems manager because his communication skills, his internal relationships with other groups within the information services department, and his ability to follow management's directives were inadequate for a manager. Defendants further claim that the other two candidates were better qualified. Moreover, defendants maintain that plaintiff has not produced, in fact cannot produce, sufficient competent summary judgment evidence to substantiate even an inference that Trustcorp discriminated against him concerning wages.

### A. DISCRIMINATION UNDER SECTION 1981

Section 1981 provides that:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts * * * as is enjoyed by white citizens * * *."

In *Patterson v. McLean Credit Union* (1989), 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132, the Supreme Court limited the application of Section 1981 to discriminatory employment practices which impair the right to make contracts. Thus, Section 1981 applies to the discriminatory denial of promotions only if the promotion creates an opportunity for a new and distinct relationship between the employee and the employer. *Id.*, 491 U.S. at 184–185, 109 S.Ct. at 2377, 105 L.Ed.2d at 155–156.

This new relationship must be the equivalent to the employee's entering into a new contract with the employer. *Wilburn v. Dial Corp.* (W.D.Tenn.1989), 724 F.Supp. 521. Thus, the promotion must entail more than just an increase in pay. *Id.* A significant increase in responsibility, supervisory duties, and qualifications are factors to consider as well. See *Mallory v. Booth Refrigeration Supply Co.* (C.A.4, 1989), 882 F.2d 908; *Brereton v. Communications Satellite Corp.* (D.D.C.1990), 735 F.Supp. 1085; *Luna v. Denver* (D.C.Colo. 1989), 718 F.Supp. 854; *Williams v. Chase Manhattan Bank, N.A.* (S.D.N.Y. 1990), 728 F.Supp. 1004.

By virtue of the promotion in this case, there was a formal acknowledgment by the organization of greater responsibility and control. Thus, this promotion would have been the equivalent of entering into a new contractual relationship for the plaintiff. Therefore, Section 1981 would apply.

The party charging discrimination bears the burden of showing the employer's intent to discriminate. *Furnco Constr. Co. v. Waters* (1978), 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957. A presumption of the employer's intent can be inferred if the charging party establishes a prima facie case of discrimination. *Id.* A prima facie case of race discrimination under Section 1981 is established where:

1. the charging party is a member of a protected class;

2. the charging party applies for a position;

3. the charging party is qualified for the position;

4. the charging party is denied the position despite possessing the requisite qualifications; and

5. the employer continues to seek or accept applications. *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

First, being black, Hollowell is clearly a member of a protected class. Second, Hollowell did apply for the position of systems manager at Trustcorp.

Third, plaintiff ostensibly possessed many of the qualifications required and desired for the job. Fourth, Hollowell was not selected to be promoted to the position of systems manager. Finally, Trustcorp selected two Caucasians to fill the positions.

Although, there may be some argument as to whether Hollowell was entirely qualified for the systems manager positions, for the purposes of establishing a prima facie case of discrimination, the court is satisfied that Hollowell was adequately qualified. Therefore, plaintiff has established a prima facie case of race discrimination.

Once the prima facie case is established, the burden of production moves to the employer to articulate a legitimate, nondiscriminatory reason for its failure to hire or promote the charging party. *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 215.

In response to Hollowell's claim of discrimination, Trustcorp maintains that it had a nondiscriminatory reason for not promoting Hollowell to systems manager. According to Trustcorp management, Hollowell was not promoted because he had poor communication skills, trouble with other user groups within the information services department, and a problem with following the directives of management. The court finds that this qualifies as a legitimate nondiscriminatory reason by Trustcorp for not promoting Hollowell.

Once the employer articulates a legitimate, nondiscriminatory reason for its actions, a charging party may show that the reason is not in fact legitimate, but rather merely a pretext. *Burdine, supra.* A charging party shows pretext directly by showing that a discriminatory reason predominated over the nondiscriminatory reason and indirectly by showing that the employer's reason is unworthy of belief.

In this case, Hollowell has shown no direct pretext, since he has failed to present any competent summary judgment evidence to show that even a part of Trustcorp's articulated reasons for not selecting him as systems manager was based on race. Although Hollowell continues to claim he was better qualified for the position than the other two applicants, he acknowledges in his deposition his weaknesses which were the enunciated bases of Trustcorp's decision not to promote him.

Proving pretext requires more than the charging party's own subjective belief that he was better qualified than the other applicants for a position. *La Grant v. G & W Mfg. Co.* (C.A.6, 1984), 748 F.2d 1087; *Branson v. Price River Coal Co.* (C.A.10, 1988), 853 F.2d 768. Section 1981 requires proof of

*intentional* discrimination. *Gen. Bldg. Contr. Assn. v. Pennsylvania* (1982), 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835, 849.

■ Intentional discrimination cannot be proven by conclusory allegations made by the charging party. *Ackerman v. Diamond–Shamrock Corp.* (C.A.6, 1982), 670 F.2d 66, 69–70. Likewise, self-serving statements by the charging party that he believes he was discriminated against because of race are not enough. *Locke v. Commercial Union Ins. Co.* (C.A.6, 1982), 676 F.2d 205.

■ Thus, in order to survive a motion for summary judgment, Hollowell had the burden of providing this court with sufficient competent summary judgment evidence to create a material issue of fact or show that Trustcorp is not entitled to summary judgment as a matter of law. See *Burdine, supra.* However, Hollowell has failed in his burden.

Therefore, there is no genuine issues of material fact, and defendants are entitled to judgment as a matter of law. Accordingly, the court grants defendants' motion for summary judgment as to the claim of discrimination based on Section 1981.

## B. DISCRIMINATION UNDER R.C. CHAPTER 4112

Federal case law interpreting Title VII of the Federal Civil Rights Act of 1964 is applicable in determining whether certain alleged employment practices are discriminatory and violate R.C. Chapter 4112. *Plumbers & Steamfitters Commt. v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192, 196, 20 O.O.3d 200, 202, 421 N.E.2d 128, 131. Thus, the elements of a prima facie case of race discrimination under *McDonnell Douglas Corp. v. Green, supra,* which were discussed in the previous section, also apply here. Further, since plaintiff has arguably already established a prima facie case of race discrimination under Section 1981, the defendants must present a legitimate, nondiscriminatory reason which is worthy of belief. *Burdine, supra.* As defendant has done this, it is again plaintiff's burden to prove that this articulated reason is merely a pretext. *Id.*

As previously discussed, Hollowell has failed to provide the court with sufficient competent summary judgment evidence to show pretext. Therefore, for the same reasons, this court finds there are no genuine issues of material fact, and defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment as to the claim of discrimination based on R.C. Chapter 4112 is found well taken.

## C. WAGE DISCRIMINATION UNDER R.C. 4111.17, THE EQUAL PAY ACT

As there is little Ohio case law in this area, the court must again look to federal law for guidance. Under the federal Equal Pay Act, there are seven elements which plaintiff must prove to establish a case of wage discrimination:

1. an employer;
2. pays or paid different wages;
3. to employees of the opposite sex (or of different races);
4. in an establishment;
5. when they are performing equal work on jobs;
6. which require equal skill, effort, and responsibility;
7. under similar working conditions. See Section 206(b), Title 29, U.S. Code.

█ Hollowell bases his entire claim of wage discrimination on the "facts" he presents in paragraph 33 of his affidavit dated December 5, 1990. As a result of working in the same department and attending weekly staff meetings, Hollowell claims he has personal knowledge of Caucasian employee Ken Woeller's job responsibilities. However, plaintiff does not possess personal knowledge of Woeller's employment file, including performance evaluations, job description, responsibilities, pay records, and other information which would establish that Woeller was paid at a higher rate than Hollowell while possessing less skill, responsibility, or seniority, or exerting less effort than plaintiff. Again, plaintiff has failed to meet his burden.

From the evidence presented by the parties, there are no genuine issues of material fact, even construing the facts and making all reasonable inferences most strongly in plaintiff's favor. Therefore, defendants are entitled to judgment as a matter of law. Accordingly defendants' motion for summary judgment as to the wage discrimination claim based on R.C. 4111.17(A) is granted and plaintiff's is denied.

### JUDGMENT ENTRY

It is ORDERED that the motion for summary judgment of defendants Society Bank and Trust, f.k.a. Trustcorp Bank, Ohio, Society Corporation, Kenneth Hackworth and Lee Allen is granted.

It is further ORDERED that plaintiff Leon R. Hollowell's motion for partial summary judgment is denied.

It is further ORDERED that as the determination of these motions completely resolves all of the issues in this action, plaintiff Leon R. Hollowell's complaint is dismissed with prejudice, there being no just reason for delay.