FISKE, Appellant,

v.

ROONEY;  U.S. Health Corporation of Southern Ohio, Appellee.

[Cite as *Fiske v. Rooney* (1995), 105 Ohio App.3d 269.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 94CA2269.

Decided July 24, 1995.

270

*Fishman & Fey Co., L.P.A., Elliot T. Fishman* and *Dennis J. Rasor*, for appellant.

*Bannon, Howland & Dever* and *Robert E. Dever*, for appellee U.S. Health Corporation of Southern Ohio.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Scioto County Common Pleas Court which granted appellee, U.S. Health Corporation of Southern Ohio, summary judgment.[1] The appellant assigns the following errors for our review:

"Assignment of Error No. 1:

"The court erred in finding that no genuine issue of material fact existed.

"Assignment of Error No. 2:

"Appellee is not entitled to judgment as a matter of law."

The following facts are pertinent to this appeal. On February 20, 1993, the appellant came to the emergency room of Southern Ohio Medical Center ("SOMC"), a hospital of appellee. Appellant claims to have had severe abdominal pain. Upon arriving at the emergency room, the appellant told the personnel there that he was HIV-positive, meaning that he was infected with the Human Immunodeficiency Virus known to cause Acquired Immune Deficiency Syndrome ("AIDS").

The emergency room personnel gave the appellant various lab tests, administered an IV and took x-rays. The emergency room physician, Dr. Dale, examined the appellant and told him that he thought that the appellant might have appendicitis. Dr. Dale recommended that a surgeon should examine him. Dr. Dale then left the appellant's presence and returned some time later. At that time, he informed the appellant that Dr. Rooney, the surgeon (and co-defendant

---

1. The court below stayed the pending action against defendant Richard Rooney, M.D. pending a decision from this court.

in the case below), had refused to examine him and evaluate him because he was HIV-positive.

Appellant claims that he was then told that he would not be admitted at SOMC and would have to be transported to Doctors North Hospital in Columbus. The appellee claims that before the appellant was transported to Columbus, Dr. Rooney had agreed to examine the appellant if Doctors North would not accept the appellant. Appellant claims he was never told of Dr. Rooney's conditional acceptance.

After about eight or nine hours since his arrival at the emergency room of SOMC, the appellant was transferred to Doctors North in Columbus at his own expense. At Doctors North, the appellant was examined by a surgeon, who did not recommend surgery. The appellant was then admitted to Doctors North for several days for observation, after which he was released.

The appellant filed a complaint against the appellee and Dr. Rooney on February 18, 1994. The appellee filed an answer on March 18, 1994, which denied the allegations in appellant's complaint. Appellee then filed a motion for summary judgment on June 23, 1994. The appellee attached to this motion the deposition of the appellant and an affidavit by Wayne B. Wheeler, M.D. Appellant subsequently filed a memorandum in opposition to appellee's motion, and the appellee filed a reply to appellant's memorandum. The trial court granted appellee's motion for summary judgment on July 25, 1994. This appeal follows.

The appellant's two assignments of error really raise only one issue: whether the trial court erred in granting summary judgment to the appellee. Therefore, we will consider the appellant's two assignments of error together.

■ We begin by first setting out the standards for summary judgment. Summary judgment may be granted, according to Civ.R. 56(C), when:

"(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

■ The party moving for summary judgment bears the initial burden of showing there is no genuine issue as to material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. An order granting a motion for summary judgment will be upheld where, construing the evidence in the most favorable light for the nonmoving party, the record discloses

no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Houk v. Ross* (1973), 34 Ohio St.2d 77, 63 O.O.2d 119, 296 N.E.2d 266. An appellate court therefore applies a *de novo* standard on review. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200.

■ In the first claim of appellant's complaint, the appellant submits that the defendants (appellee and Dr. Rooney) either intentionally, recklessly, or negligently failed to evaluate and/or treat him. The appellant further avers that after Dr. Rooney refused to treat him, the appellee did not engage another surgeon for the appellant or provide any other evaluation or treatment for the appellant.

The appellee argues that the treatment that the appellant received at the SOMC emergency room was appropriate in accordance with his complaints. The appellee attached an affidavit executed by Wayne B. Wheeler, M.D., the president of Wayne B. Wheeler, Inc., which essentially makes this claim. Wayne B. Wheeler, Inc. contracts to operate the emergency room of SOMC.

■ We note first that the affidavit of Dr. Wheeler appears to be an attempt to give expert testimony as to the appropriateness of the care given to the appellant at SOMC. Civ.R. 56(E) states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible into evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Evid.R. 601(D) states that every person is competent to be a witness except:

"A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a * * * hospital arising out of the diagnosis, care, or treatment of any person by a physician * * * unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school. * * *"

The affidavit of Dr. Wheeler does not set forth any of the needed information which would qualify him to give expert testimony regarding the appropriateness of the care appellee received. Therefore, we cannot consider his opinion of the quality of care given to the appellant as dispositive of the issue, despite the fact that appellant did not offer any expert affidavits in response to the appellee's motion for summary judgment.

The appellee also argues that the appellant testified at his deposition that the treatment he received at Doctors North in Columbus was basically the same treatment he received at the emergency room at SOMC, and thus, SOMC gave

appellant the appropriate care. In our review of the record, we do note that appellant does testify that the treatment that he received at the emergency room at both hospitals was basically the same. However, the appellant also testified that he was admitted to Doctors North and examined by a surgeon there. The appellant was not admitted to SOMC, nor was the appellant examined by a surgeon there. Therefore, the appellant clearly did not receive the same treatment at SOMC as he did at Doctors North.

The appellee also argues that the appellant's claims that the hospital failed to obtain a surgeon is incorrect. The affidavit of Dr. Wheeler states that although Dr. Rooney initially declined to treat the appellant, Dr. Rooney eventually agreed that if Doctors North in Columbus would not accept the appellant, he would treat him. The appellant disputes this allegation. However, even if the appellee's allegations on this issue are true, we find that Dr. Rooney's conditional acceptance of the appellant as a patient does not as a matter of law amount to the hospital obtaining a surgeon. Thus, we do not find the appellee's evidence on this issue as dispositive of whether the hospital failed to obtain a surgeon for the appellant.

We find that the appellant's deposition testimony that SOMC did not admit him as a patient and that he was not examined by a surgeon there presents a genuine material issue of material fact of whether the appellee acted negligently, recklessly or intentionally in its alleged failure to treat the appellant and obtain a surgeon to examine the appellant. Therefore, summary judgment for the appellee on this claim was error.

The second claim of the appellant's complaint alleges that the appellee engaged in unlawful discriminatory practices, in violation of R.C. 4112.02(G) and 4112.99. R.C. 4112.02(G) states that the following is an unlawful discriminatory practice:

"For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, national origin, handicap, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation."

R.C. 4112.99 provides:

"Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

R.C. 4112.01 provides in part:

"(A) As used in this chapter:

" * * * *

"(9) 'Place of public accommodation' means any inn, restaurant, eating house, barbershop, public conveyance by air, land, or water, theater, store, other place for the sale of merchandise, or any place of public accommodation or amusement of which the accommodations, advantages, facilities, or privileges are available to the public.

" * * *

"(13) 'Handicap' means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment.

" * * *

"(16)(a) Except as provided in division A(16)(b) of this section, 'physical or mental impairment' includes any of the following:

" * * *

"(iii) Diseases and conditions, including, but not limited to, * * * human immunodeficiency virus infection * * *."

Ohio Adm.Code 4112–5–02 provides in part:

"When used in Chapter 4112. of the Revised Code and Chapters 4112–5 to 4112–7 of the Administrative Code:

" * * *

"(I) 'Place of public accommodation' includes, but is not limited to, all places included in the meaning of such terms as * * * dispensaries, clinics, hospitals * * *."

Under the statutes quoted above, it is clear that the SOMC is a place of public accommodation and the appellant's disease qualifies as a handicap. Also, reasonable minds could conclude that, if medically necessary, being admitted to a hospital and being examined by a surgeon would qualify as the "full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation." R.C. 4112.02(G).

The remaining issue is whether the appellee denied treatment to the appellant because of his handicap. The appellant has alleged a *prima facie* case of discrimination pursuant to R.C. 4112.02(G). Appellant also testified at his deposition that he had been told by someone who worked for the task force which attempted to find him a primary care physician in Portsmouth that the doctor in charge of the emergency room at SOMC had a policy of stabilizing and shipping out anyone that was HIV-positive. Dr. Wheeler's affidavit states that the

appellant was given appropriate medical treatment and that no discrimination against HIV patients is practiced. Attached to this affidavit is a copy of SOMC's policy for the treatment of patients, which states in pertinent part:

"All patients at Southern Ohio Medical Center will receive the same level of patient care regardless of physical disabilities, physical abilities, age, sex, race and/or ability to pay. * * * "

Because the appellant has set forth a *prima facie* case for discrimination, the burden then shifts to the appellee to set forth nondiscriminatory reasons for its conduct. See, generally, *Hollowell v. Soc. Bank & Trust* (1992), 78 Ohio App.3d 574, 605 N.E.2d 954. As explained above, we do not find the allegations in Dr. Wheeler's affidavit that the appellant received the appropriate medical treatment to be dispositive of whether SOMC acted reasonably because the affidavit does not set forth the specific facts needed for such expert testimony. Therefore, the appellee has failed to set forth evidence that nondiscriminatory reasons existed for SOMC's treatment of the appellant. Accordingly, there is a genuine issue of material fact as to whether SOMC acted with discriminatory intent in its failure to treat the appellant. The trial court erred in granting summary judgment on this claim.

Finally, the appellant alleges in his complaint that the appellee intentionally, wilfully, and recklessly inflicted emotional distress upon him. As we have decided above, a genuine issue of material fact exists as to whether SOMC acted negligently, recklessly, or intentionally in allegedly failing to treat the plaintiff. Therefore, a genuine issue of material fact exists as to whether SOMC intentionally or recklessly inflicted emotional distress upon the appellant. The trial court erred in granting summary judgment as to this claim.

Accordingly, we hold that the trial court improperly granted the appellee's motion for summary judgment. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and KLINE, J., concur.