OPINION
Plaintiffs-appellants, Richard A. Stuller and Dorothy Stuller, appeal from a decision of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Phillip D. Price, M.D.
Appellants filed a medical malpractice action on June 23, 1999, asserting claims for negligence and loss of consortium, and seeking punitive damages against appellee and several other defendants, including Mount Carmel Medical Center. Subsequently, appellee filed a summary judgment motion on July 21, 2000, asserting that appellants had failed to identify, within the time frame provided by the trial court's scheduling order, an expert witness to opine that appellee's treatment fell below the standard of care. Additionally, appellee attached an affidavit attesting that his conduct was in accordance with the standard of care. Appellants responded with a memorandum in opposition to the summary judgment motion on August 3, 2000, which included an affidavit from Dr. Jay Jacoby opining that appellee's treatment fell below the standard of care and that appellant Richard Stuller was injured as a direct and proximate result of appellee's treatment. Appellee filed a reply on October 2, 2000, arguing that Dr. Jacoby's affidavit failed to comply with Evid.R. 601(D), in that it failed to state that Dr. Jacoby spends at least one-half of his professional time engaged in the active clinical practice of medicine; therefore, appellee argued that Dr. Jacoby was not competent to testify as a medical expert and that his affidavit could not be used to establish a genuine issue of material fact. On November 20, 2000, the trial court filed a judgment entry granting appellee's summary judgment motion. Appellants filed a timely notice of appeal.
On appeal, appellants assert one assignment of error:
 THE TRIAL COURT'S GRANTING OF DEFENDANT-APPELLEE PHILLIP D. PRICE'S MOTION FOR SUMMARY JUDGMENT AND FINDING THAT NO GENUINE MATERIAL ISSUE OF FACT REMAINS TO BE TRIED WAS AN ABUSE OF DISCRETION.
Appellant Richard Stuller was a patient of appellee's. On July 13, 1998, Richard was admitted to Mount Carmel Medical Center for stomach bypass surgery, known as a Roux-en-y gastric bypass, performed by appellee. Richard spent three and one-half months in the hospital and five months in a nursing home. Richard had to undergo three additional surgeries, including an emergency splenectomy. According to Richard, he continues to suffer from partial blindness, paralysis and tremors, and will require additional medical care in the future.
In appellants' single assignment of error, they argue that the trial court erred by granting appellee's summary judgment motion. We disagree.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54, 58. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * * [State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511
(citing Temple v. Wean United, Inc. [1977], 50 Ohio St.2d 317, 327)].
Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
The trial court granted appellee's summary judgment motion because it found that appellants failed to produce admissible evidence demonstrating that appellee's conduct did not comply with the standard of care. Specifically, the trial court found that Dr. Jacoby's affidavit did not comply with Evid.R. 601(D), in that it did not contain a statement that he is licensed to practice medicine and surgery, and that he devotes at least one-half of his professional time to clinical practice or to instruction in an accredited school. Thus, the trial court concluded that Dr. Jacoby was not competent to testify regarding the standard of care. Given that appellee's affidavit was the only evidence in the record as to the standard of care, the trial court found that there was no genuine issue of material fact. Appellants concede that Dr. Jacoby's affidavit did not contain a statement that at least one-half of his professional time is dedicated to clinical practice, but they argue that it is implicit from his curriculum vitae attached to his affidavit that he is engaged in clinical practice.
Ohio law ordinarily requires expert testimony to establish the standard of care a physician must adhere to in treating a patient. Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 62; Turner v. Children's Hosp., Inc. (1991), 76 Ohio App.3d 541, 548. Under Civ.R. 56(E), affidavits supporting or opposing a summary judgment motion must "show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." For an individual to be competent to provide expert testimony in a medical malpractice case under Evid.R. 601(D), the individual must be licensed to practice medicine and devote at least one-half of the individual's professional time to active clinical practice in the field of licensure or to its instruction in an accredited school. The determination of the competency of a medical witness to testify is within the sound discretion of a trial court and will not be reversed on appeal absent an abuse of discretion. Campbell v. Warren Gen. Hosp. (1994),105 Ohio App.3d 417, 421, citing City of Akron v. Pub. Util. Comm. (1966), 5 Ohio St.2d 237, 242.
The trial court erroneously concluded that the affidavit failed to state that Dr. Jacoby was licensed to practice medicine and surgery. Paragraph one of Dr. Jacoby's affidavit states that he is "a practicing licensed physician in the State of Ohio." While the statement that Dr. Jacoby is a licensed physician may not indicate specifically that he is licensed to practice medicine and surgery, we conclude that it is sufficient to satisfy the first requirement of Evid.R. 601(D). However, as the trial court found and appellants concede, both the affidavit and attached curriculum vitae fail to indicate that Dr. Jacoby devotes at least one-half of his professional time to active clinical practice in the field of licensure or to instruction in an accredited school. In Fiske v. Rooney (1995), 105 Ohio App.3d 269, 273, the Fourth District found that it could not consider the affidavit of a physician in conjunction with a summary judgment motion, where the affidavit lacked the required information from Evid.R. 601(D) to qualify the physician to provide expert testimony regarding the standard of care.
Here, appellants failed to identify their expert witness within the time frame of the trial court's scheduling order and then only did so in response to appellee's summary judgment motion. Appellants also failed to comply with the clear requirements of Evid.R. 601(D). Appellants were put on notice by appellee's reply to their memorandum contra the summary judgment motion that the affidavit was deficient, and they could have requested leave of the court to supplement the affidavit or file further affidavits under Civ.R. 56(E). Under these circumstances, we cannot conclude that the trial court abused its discretion in concluding that Dr. Jacoby was not competent to offer expert medical testimony and in excluding his affidavit as inadmissible.
Appellants also argue that the trial court erred by not addressing the issue of res ipsa loquitor; however, as appellee argues, appellants have waived this argument by not properly raising it before the trial court. Issues not raised before the trial court are waived on appeal. State ex rel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78, 81. Despite appellants' vigorous argument to the contrary in their reply brief, their mere recitation of the words "res ipsa loquitor" in their memorandum contra the motion for summary judgment was insufficient to place the issue in play. Appellants merely stated that "[t]he facts of this case are so patently obvious that it may well be a matter of res ipsa loquitor." Appellants use of this sentence appears to be more hyperbole than proper legal argument with citation to authority. Moreover, appellants concede in their appellate brief that they did properly raise the issue before the trial court:
 * * * [A]lthough the Plaintiffs-Appellants did not argue res ipsa loquitor in its memorandum contra, their pleadings should have been carefully reviewed by the lower Court. * * *
Because appellants provided no admissible evidence that appellee did not comply with the standard of care, no genuine issue of material fact existed that precluded summary judgment for appellee. Consequently, the trial court did not err in granting appellee's summary judgment motion, and appellants' assignment of error is overruled.
Based upon the foregoing reasons, appellants' single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
BOWMAN and LAZARUS, JJ., concur.