OPINION
Appellants, Jeffrey and Thalia Oster, and appellees, Clifton Crais and Pamela Scully, own abutting property in the Village of Granville. On October 21, 1999, appellants filed a complaint against appellees claiming appellees have and continue to trespass upon their property by virtue of a fence they erected near the northern boundary line of appellants' property.
On December 29, 1999, appellees filed a counterclaim against appellants claiming appellants have and continue to trespass upon their property by virtue of an air conditioning unit encroaching upon appellees' property.
On December 1, 2000, appellees filed a motion for summary judgment. By memorandum of decision and judgment entry filed February 22, 2001, the trial court granted said motion, dismissing appellants' complaint and granting judgment to appellees on their counterclaim. A final judgment entry was filed on March 9, 2001.
Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANTS WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 I
Appellant claims the trial court erred in granting summary judgment to appellees and granting appellees judgment on their counterclaim. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
Prior to constructing their fence, appellees hired Harmon Surveying to survey the property. Harlan Scott Harmon conducted a survey and reported the boundary line abuts the northernmost portion of appellants' house and runs parallel with the property lines to the north and south. Thereafter, appellants hired C.F. Bird R.J. Bull Incorporated to conduct a second survey. The second survey collaborated the first survey. Notwithstanding, appellants hired Scott England to conduct a third survey. Mr. England never submitted a report. In its memorandum of decision and judgment entry filed February 22, 2001, the trial court concluded the following:
 In this case, Defendants, as the moving parties, have submitted the surveys and Affidavits which demonstrate an absence of a genuine issue of material fact because those surveys and Affidavits demonstrate the property line lies at the location asserted by the Defendants. Thus, the burden in this case has shifted to the Plaintiffs, as the non-moving parties, to satisfy their reciprocal burden to present evidence as required under Civil Rule 56(E). Plaintiffs have failed to do so. In Stults Assoc., Inc. v. Neidhart (Nov. 15, 1999), Delaware App. Nos. 99 CA 11, 99 CA 17, unreported, the Fifth District Court of Appeals considered the reciprocal burden of a non-moving party in a summary judgment context, and explained `[m]ere conclusory statements in an affidavit are not sufficient to raise an issue of fact; instead, the affidavit must indicate the operative facts upon which the conclusion is based.' Id., citing Hollowell v. Society Bank Trust (1992), 78 Ohio App.3d 574, 581, 605 N.E.2d 954.
 Sub judice, the Plaintiffs have stated Mr. England will conclude the surveys conducted by Harlan Surveying, C.F. Bird R.J. Bull Incorporated, and the companies who surveyed the properties for the Parties' predecessors, are flawed. Stating that Mr. England will reach such a conclusion fails to establish any operative facts supporting this statement or the expected conclusion. Moreover, the Plaintiffs have failed to present any evidence indicating the conclusion they expect from Mr. England is in fact the conclusion he will reach. Because the Plaintiffs have merely submitted a conclusory statement, the Plaintiffs have failed to demonstrate a genuine issue of material fact exists for trial.
As we noted supra, summary judgment provides the court of appeals with the unique opportunity to stand in the shoes of the trial court and review all of the evidence and affidavits provided by the parties.
It is appellants' position, based upon Mr. England's opinion, that the true boundary line cannot be established by a metes and bounds survey because of the failure to find the original master monument in the 1806 Partition Deed for the Township of Granville. Because of Mr. England's opinion, appellants argue they have raised a genuine issue of material fact which defeats appellees' motion for summary judgment.
The analysis of this case falls squarely within the dictates of Dresherv. Burt (1996), 75 Ohio St.3d 280, 293, wherein the Supreme Court of Ohio held the following:
 Accordingly, we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Appellees, the moving parties herein, provided expert opinions in support of their defense to appellants' claim of trespass and also in support of their counterclaim. The two experts opined that the boundary line between the properties was as established by the conveyance of December 1989.[1] See, Harmon and Wicker Affidavits attached to Appellees' Motion for Summary Judgment. In his affidavit at paragraph five, Mr. Harmon stated the following:
 I went about completing this particular survey in accordance with accepted and customary standards and practices in the surveying profession. I ran a closed traverse around the entire block, and after doing so, even spoke with Mr. Kohn. I established that, even though Mr. Kohn did a mortgage/location survey, it was performed to the accuracy of a boundary survey. Based upon my independent work, I located the four corners of the property at 234 North Pearl Street and set iron pins accordingly.
With these two affidavits, appellees met the first step of Dresher and the burden shifted to appellants to "set forth specific facts showing that there is a genuine issue for trial." Appellants attempted to accomplish this with the deposition of Mr. England. Mr. England was unable to render an opinion as to whether appellees' fence was on appellants' property or whether appellants' air conditioner was on appellees' property. England depo. at 45-46. Mr. England stated he would report the fence and air conditioner locations once he completed his survey. Id. at 46. Mr. England stated he disagreed with the Harmon survey on the "alignment of Summit Street * * * [a]ngles, bearings, basis of bearing," and found the placement of the"pins" on the northeast and southeast corners to be questionable. Id. at 48-49, 60. Mr England stated his draft survey differed from the Harmon survey by "35 hundredths is three-and-a-quarter — four-and-a-quarter inches difference." Id. at 52. Mr. England appeared to favor the use of lines of occupation to set the property lines as opposed to deed calls. He wished to use a 1930s black and white photograph of undetermined origin depicting a boundary fence to set the property line. Id. at 63. He believed the photograph depicted the intent of the previous owners as to the property line. Id. at 63-65.
Despite these issues, Mr. England did not complete his survey or opine as to the actual property line. Appellants argue Mr. England's attack on the northeast and southeast pin placement was sufficient to overcome the two actual surveys presented by appellees.
The trial court's conclusion that appellants "failed to present any evidence indicating the conclusion they expect from Mr. England" is correct. We base this conclusion not only on Mr. England's deposition testimony, but also on R.C. 5301.21 which governs adjoining owners may fix corner or line and states as follows:
 When the owners of adjoining tracts of land, or of lots in a municipal corporation, agree upon the site of a corner or line common to such tracts or lots, in a written instrument containing a pertinent description thereof, either with or without a plat, executed, acknowledged, and recorded as are deeds, such corner or line thenceforth shall be established as between the parties to such agreement, and all persons subsequently deriving title from them.
 Such agreement must be recorded by the county recorder, in the book in his office in which surveys are recorded. The original agreement, after being so recorded, or a certified copy thereof from the record, is competent evidence in any court in this state against a party thereto, or person in privity with him.
On Mr. England's lines of occupation approach, there is no genuine issue of material fact because of the actions of the predecessors in title. In conveying the 6.22 foot strip in 1989, the previous owners negated the use of the lines of occupation theory. In 1989, the property owners affirmatively settled the boundary line between the properties. The alternative theory advanced by appellants and Mr. England has been negated by operation of the statute.
Without the availability of the alternative method and without Mr. England presenting a survey inconsistent with the Harmon and Wicker surveys, there is no genuine issue of material fact. Appellees have by their evidence legally overcome the claim of trespass and have established their claim of trespass. We find the trial court was correct in granting summary judgment for appellants and in granting appellants' counterclaim.
The sole assignment of error is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
Hon. Sheila G. Farmer, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] In 1989, the predecessors to the properties conveyed a strip of property just over six feet wide. Surveys were conducted and the strip was conveyed from what is now appellants' property to what is now appellees' property. This conveyance changed the boundary line to the location now asserted by appellees.