[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellee Fath Management Company ("Fath") filed a complaint in the Hamilton County Municipal Court alleging, among other things, that defendant-appellant Darlington Amadasu was liable for unpaid rent. Amadasu filed an answer and asserted counterclaims against Fath. Amadasu also filed a third-party complaint against Deborah Kratzer, who, at that time, lived in an apartment directly above him. Because the monetary jurisdiction of the municipal court was exceeded, the case proceeded in the Hamilton County Court of Common Pleas. Fath filed a motion for summary judgment, which was granted by a magistrate. The trial court overruled Amadasu's objections and adopted the magistrate's ruling.
On appeal, Amadasu raises four assignments of error. Initially, we note that Amadasu is acting pro se. Acting pro se, Amadasu "is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of [his] own mistakes and errors."[1]
"Proper appellate briefing standards are set forth in App.R. 16(A)."[2]
If an argument exists that can support an assignment of error, it is not this court's duty to root it out.[3] Since the arguments in Amadasu's brief lack conciseness and in many instances are enigmatic, we address them as best we can.
In the first assignment of error, Amadasu suggests that it was error to dispose of his counterclaims alone. The rules of civil procedure expressly provide for the disposition of Amadasu's counterclaims together.[4] The trial court's entry of summary judgment on all of Amadasu's counterclaims was a final order. It affected a substantial right in an action that in effect determined the action and prevented a judgment, one of the three types of final orders described in R.C. 2505.02. "A substantial right is a `legal right entitled to enforcement and protection by law[.]' A court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right."[5] Next, as the instant case does involve multiple claims and multiple parties, Civ.R. 54(B) certification can render appealable a final order when that order adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties.[6] The trial court's entry of July 9, 2001, includes the Civ.R. 54(B) mandatory language. Accordingly, the first assignment of error is overruled.
In Amadasu's second assignment of error, he claims that he suffered from the court's "passion and high handedness," that the court "targeted and signled [sic] out appellant for unwarranted sanction." If Amadasu believed that the trial court was biased or prejudiced towards him at any stage of the multi-year proceedings, a remedy was available to him in R.C. 2701.03.[7] A court of appeals is without authority to take action on disqualification or to void a trial court's judgment on the basis of alleged bias.[8] We note that the record also shows that Fath was forced to make at least four requests to depose Amadasu, and that the magistrate finally ordered Amadasu to pay $250 for his repeated deposition nonappearances. Accordingly, the second assignment of error is overruled.
In Amadasu's third assignment of error, he claims that the trial court erred in granting Fath's summary-judgment motion. In his fourth assignment of error, Amadasu complains that the court improperly granted summary judgment on each of his counterclaims. We address both assignments of error together.
Pursuant to Civ.R. 56, summary judgment is appropriate when, with the evidence viewed in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[9] Where a moving party asserts that the nonmoving party cannot prove its case, the moving party bears the initial burden of pointing out in the record where it is shown that no genuine issue of material fact remains.[10] Once the moving party satisfies its burden, the nonmoving party has the reciprocal burden of setting forth specific facts demonstrating that a genuine issue exists to be litigated.[11]
A material fact is one that "might affect the outcome of the suit under the governing law."[12] A "genuine issue" exists when the evidence presents "a sufficient disagreement to require submission to the jury."[13] Our review of the entry of summary judgment is de novo.[14]
According to our review of the extensive record, Amadasu, as the nonmoving party, failed to produce evidence on any issue for which he would have borne the burden of production at trial.[15] Amadasu offered evidence or made statements that were irrelevant to his burden of proof and that had no probative value. He relied on repeating the same allegations that appeared in his pleadings. Moreover, conclusory statements in an affidavit are not sufficient to raise an issue of fact.[16] We note that the principal purpose behind Civ.R. 56(E) is to enable movement beyond allegations in pleadings and to allow a court to analyze evidence so as to ascertain whether an actual need for a trial exists.[17] Accordingly, we overrule Amadasu's third and fourth assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209, 210,444 N.E.2d 412; see, also, Franklin Cty. Dist. Bd. of Health v. Sturgill
(Dec. 14, 1999), 10th Dist. No. 99AP-362.
[2] See Seavert v. Ferraro (Sept. 14, 2000), 8th Dist. Nos. 76845 and 76846, discretionary appeal disallowed (2001), 91 Ohio St.3d 1432,741 N.E.2d 895.
[3] See State v. Hillman (Sept. 12, 2002), 10th Dist. Nos. 01AP-750 and 01AP-767.
[4] See R.C. 2505.02 and Civ.R. 54(B); Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Noble v.Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.
[5] See Chef Italiano Corp. v. Kent State Univ.,44 Ohio St.3d at 88, 541 N.E.2d 64 (citations omitted).
[6] See Mezerkor v. Mezerkor, 70 Ohio St.3d 304, 307, 1994-Ohio-288,638 N.E.2d 1007.
[7] See Berdyck v. Shinde (1998), 128 Ohio App.3d 68, 81,713 N.E.2d 1098; State ex rel. Pratt v. Weygandt (1956), 164 Ohio St. 463,132 N.E.2d 191, paragraph three of the syllabus.
[8] See Crane v. Evans (Jan. 18, 2002), 2d Dist. No. 18726; Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775.
[9] See Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
[10] See Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107,662 N.E.2d 264.
[11] See id. See, also, Civ.R. 56(E); Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164.
[12] See Turner v. Turner, 67 Ohio St.3d 337, 339, 1993-Ohio-176,617 N.E.2d 1123, quoting Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248, 106 S.Ct. 2505.
[13] See id., quoting Anderson v. Liberty Lobby, Inc.477 U.S. at 251-252, 106 S.Ct. 2505.
[14] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[15] See Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,111, 570 N.E.2d 1095, Dresher v. Burt, 75 Ohio St.3d 280, 292-293,1996-Ohio-107, 662 N.E.2d 264.
[16] See Hollowell v. Society Bank Trust (1992),78 Ohio App.3d 574, 581, 605 N.E.2d 954.
[17] See Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau
(2000), 88 Ohio St.3d 292, 300, 2000-Ohio-330, 725 N.E.2d 646, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46.