OPINION *Page 2 
{¶ 1} Plaintiff Bhole, Inc. appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of appellees D A Plumbing Heating, Inc. and Crown Heating Cooling, Inc., finding appellees had not waived their contractual arbitration rights. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE APPELLEES' JOINT CROSS-MOTION FOR SUMMARY JUDGMENT ON ACCOUNT THAT THE ARBITRATION CLAUSES BETWEEN THE PARTIES ARE VOID AND UNENFORCEABLE BECAUSE APPELLEES PREVIOUSLY UNCONDITIONALLY WAIVED THEIR RIGHT TO ARBITRATION BY FILING CAUSES OF ACTION BEFORE THE STARK COUNTY COURT OF COMMON PLEAS REQUESTING THE IDENTICAL RELIEF THAT THEY NOW SEEK IN ARBITRATION. CONSEQUENTLY, THE TRIAL COURT'S FAILURE TO ESTOPP THE ENFORCEMENT OF THE ARBITRATION CLAUSES SUBJECTS APPELLANT TO IRREPARABLE PREJUDICE DUE TO DUPLICATIVE TIME, EFFORT AND COSTS; AND THEREFORE, THE TRIAL COURT ABUSED ITS DISCRETION."
 {¶ 3} The record indicates on July 16, 2001, and on November 27, 2001, appellant entered into two separate contracts for goods and services with the appellees, D A Plumbing and Crown, respectively. Both contracts provided for arbitration to resolve any and all disputes arising out of the contacts. Disputes did arise, and each of the appellees filed separate breach of contract complaints against appellant, and raised other claims against other entities who are not parties to this appeal. *Page 3 
 {¶ 4} Appellant's answers to both complaints denied all claims and raised the affirmative defense the contract between the parties required binding arbitration. Appellant asserted both appellees had failed to exhaust administrative remedies required by the contracts, and were equitably estopped from asserting their civil claims. After some exchange of discovery and unsuccessful mediation, both appellees voluntarily dismissed their complaints without prejudice pursuant to Civ. R. 41 (A).
 {¶ 5} Immediately after dismissing their case, both appellees filed demands for mediation/arbitration pursuant to their contracts. Appellant entered an appearance for the sole purpose of objecting to the request for arbitration on the grounds the filing of the two complaints waived each party's right to demand arbitration. Appellant moved for summary judgment and appellees filed a cross motion for summary judgment in response.
 {¶ 6} Civ. R. 56 states in pertinent part:
 {¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary *Page 4 
judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 8} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 10} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186. *Page 5 
 {¶ 11} Appellant failed to comply with Loc. App. R. 9 (A), which requires a party appealing a summary judgment to include in its brief a separate declaration of whether the claim the judgment is inappropriate as a matter of law on the undisputed facts, or that a genuine dispute exists as to a material fact or facts. The Rule also requires the appellant to set forth the specific fact issues it claims are material and genuinely disputed. From appellant's brief it appears appellant argues the trial court was wrong as a matter of law on the undisputed facts.
 {¶ 12} Appellees concede they initially waived their rights to arbitration by filing suit in the court of common pleas rather than submitting their disputes to arbitration. The issue presented is whether appellees effectively revoked their waiver when they voluntarily dismissed their complaints pursuant to Civ. R. 41 and requested arbitration.
 {¶ 13} Civ. R. 41 (A) provides an action may be dismissed by the plaintiff without order of the court by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant, or by filing a stipulation for dismissal signed by all parties. The dismissal is without prejudice unless otherwise stated, except that a notice of dismissal operates as adjudication on the merits when filed by a plaintiff who has once dismissed the same claim in a prior action.
 {¶ 14} In Standard Roofing Company v. John G. Johnson SonsConstruction Company (1977), 54 Ohio App. 2d 153, the Court of Appeals for the Eighth District, Cuyahoga County, found a dismissal pursuant to Civ. R. 41 is without prejudice, and a plaintiff may re-file a complaint at any time within the applicable statute of limitations. *Page 6 
The court found demanding arbitration following a voluntary dismissal without prejudice is analogous to re-filing the action, and thus permitted under the Civil Rules.
 {¶ 15} A court's determination whether a party has waived its right to arbitration depends upon the facts and circumstances of the case, and a reviewing court may not reverse a trial court's ruling absent an abuse of discretion, see Wishnosky v. Star-Lite Building DevelopmentCompany (September 7, 2000), Cuyahoga App. No. 77245, at page 3, citations deleted. Arbitration is favored in the law, see ABM Farms,Inc. v. Woods (1998), 81 Ohio St. 3d 498, 692 N.E. 2d 574.
 {¶ 16} A party who has waived the right to enforce a contract term may revoke the waiver unless revocation will prejudice the opposing party,Cleveland Thermal Energy Corporation v. Cleveland Electric IlluminatingCompany, Cuyahoga App. No. 80312, 2002-Ohio-3904, citations deleted. The party seeking to enforce the waiver must show failure to enforce the waiver will prejudice him, Id. at 28.
 {¶ 17} Appellant argues it was prejudiced because the cases had been pending for three and one-half months, before appellees voluntarily dismissed them. Appellant argues this is a substantial amount of time, given appellees had full knowledge of the arbitration agreement before filing suit.
 {¶ 18} In support of its motion for summary judgment, appellant offered the affidavit of its counsel, Michael Elliott, who noted the parties had exchanged discovery. In addition, the parties agreed to and attended mediation, during which appellant negotiated in good faith; it was through no fault of appellant that the mediation was unsuccessful. The affidavit concluded; "As set forth above, Bhole, Inc., has already amassed great expense in defending the action in court. If Bhole, Inc., is required to *Page 7 
proceed in arbitration, it will incur many of the same expenses which it has already incurred and time that it has already exhausted in this matter."
 {¶ 19} Appellees urge the affidavit does not set forth specific facts, such as what obligations or specific expenses appellant incurred in defending the lawsuits which it would not have also incurred by arbitrating the issues. Appellees argue the affidavit does not factually demonstrate any prejudice.
 {¶ 20} In Stults Associates, Inc. v. Neidhart (November 15, 1999), Delaware App. Nos. 99-CA-11 and 99-CA-17, this court found conclusory statements in an affidavit are not sufficient to raise an issue of fact. The affidavit must indicate the operative facts upon which the conclusion is based, Id., citing Hollowell v. Society Bank Trust
(1992), 78 Ohio St. 3d 574, 581, 605 N.E. 2d 954.
 {¶ 21} We find the affidavit does not contain specific factual allegations to support the claim of prejudice. Accordingly, we find the trial court did not err in sustaining appellee's motions for summary judgment.
 {¶ 22} The assignment of error is overruled. *Page 8 
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1